UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASMIN C. JOHNSTON,<br><br>Defendant. | Case No. 12-cr-00414-EMC-1<br><br>**ORDER GRANTING UNITED STATES' APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**<br><br>Docket No. 55 |

## I.   INTRODUCTION

Before the Court is the United States' Application for Writ of Continuing Garnishment to enforce the collection of Defendant Jasmin Johnston's judgment debt arising from her 2013 conviction for fraud conspiracy. The United States seeks to garnish Ms. Johnston's earnings from her employer, RH Golf Holdings, LLC (the "Garnishee"), pursuant to the Mandatory Victims Restitution Act ("MVRA") and the Federal Debt Collection Procedures Act ("FDCPA").

On March 9, 2023, the Government sent a notice letter to Ms. Johnston, requesting that she pay the remaining debt balance of $42,267.39 in full. Ms. Johnston has paid approximately $2,320.00 to date. The notice letter went to a former address of Ms. Johnston, rather than her current address, and she therefore did not receive it. Docket No. 60, Declaration of Mark R. Vermeulen ("Vermeulen Decl.") ¶ 3. On or around June 16, 2023, the United States learned that Defendant is represented by counsel in the pending garnishment proceedings and was able to establish contact. Since then, the parties have worked cooperatively to discuss a payment plan on Ms. Johnston's outstanding restitution obligation. For the reasons set forth below, the Government's Application for a Writ of Continuing Garnishment is **GRANTED**. However,

1   enforcement is stayed pending a further order to allow the parties to establish a payment plan.

2   **II.     BACKGROUND**

3   On July 25, 2012, Ms. Johnston pleaded guilty to one count of Conspiracy to Commit Access Device Fraud, 18 U.S.C. § 1029(b)(2). Docket No. 18 ("Judgment") at 1. The object of the conspiracy was to obtain merchandise and funds from department stores through fictitious refund transactions. Docket No. 1 at 3. On February 13, 2013, the Court sentenced Ms. Johnston to a term of 12 months and 1 day imprisonment and imposed restitution in the amount of $91,628.57 and a special assessment of $100.00, totaling $91,728.57 (the interest and fine were waived). *See* Judgment; Docket No. 17. As of April 12, 2023, the date the Government filed the Application, Ms. Johnston has failed to satisfy her judgment debt. Docket No. 55, Declaration of Laura Quach ("Quach Decl."), ¶ 5. Ms. Johnston has paid approximately $2,320.00 on the judgment debt with a balance of $42,267.39 remaining. *Id.* No interest accrues on this judgment debt. *Id.* The Government seeks to recover the remaining balance of $42,267.39, plus the 10 percent statutory surcharge of the unpaid restitution balance, which is $4,226.73. Docket No. 55, Application for Writ of Continuing Garnishment ("Writ App."), ¶ 3. Thus, the total amount the Government seeks through the writ is $46,494.12 (the restitution balance plus the surcharge). *Id.*

The Government sent a letter to Ms. Johnston on March 9, 2023 (the "Letter"), requesting that she pay the debt balance in full. Writ App., Exhibit A, at 7 (emphasis in original). The Government then requested that the Court to issue a Writ of Continuing Garnishment to the Garnishee, RH Golf Holdings, LLC, to recover 25 percent of Ms. Johnston's weekly paychecks as her nonexempt disposable earnings. The Government verified that Ms. Johnston is employed at RH Golf Holdings, LLC as of January 10, 2023. Quach Decl. ¶ 8–9.

June 26, 2023, Defendant responded to this Court's Order to Show Cause explaining that the notice letter was sent to Ms. Johnston's former address, and she therefore did not receive it. Vermeulen Decl. ¶ 3. On July 25, 2023, the parties submitted a joint status report explaining that "[the government] would be open to withdrawing or quashing its writ of garnishment if the Parties could agree on a monthly payment plan, but [] Defendant must provide financial disclosures in order for the United States to evaluate her ability to pay." Docket No. 62 ("Joint Status Report")

2

at 2.  Ms. Johnston has made those disclosures, including bank statements, paystubs, and W-2 forms as well as her financial disclosure form and consent for the United States to obtain copies of her tax returns.  *Id.*  The government reports that she has done so promptly since contact was established with her.  *Id.*

### III.     LEGAL STANDARD

The Government has the authority to immediately enforce a restitution judgment under the MVRA.  18 U.S.C. § 3664(m)(1)(A)(i); 18 U.S.C. § 3613(f).  Under the MVRA, the Government may enforce a restitution order "against all property or rights to property" of the Defendant, subject to limited exceptions.  *Id.*  The Government may enforce the Defendant's judgment through federal or state civil procedures, which include seeking a writ of garnishment from the Court, pursuant to the FDCPA.  28 U.S.C. § 3205; *see United States v. Davani,* No. 04-cr-00224-JSW-1, 2023 WL 2541351, at *2, (Mar. 15, 2023).

The FDCPA sets forth the exclusive civil procedures for the Government to recover a restitution judgment.  *See United States v. Mays,* 430 F.3d 963, 965 (9th Cir. 2005); 28 U.S.C. § 3205.  Under the FDCPA, the Court may "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."  28 U.S.C. § 3205(a).  The Court is also permitted to modify, condition, or deny the use of an enforcement procedure under the FDCPA.  28 U.S.C. § 3013; *Davani,* 2023 WL 2541351, at *2.

The Government must include in its application for a writ of garnishment: 1) the judgment debtor's name, social security number if known, and last known address; 2) the nature and amount of the debt owed, and the confirmation that not less than 30 days has elapsed since the payment demand; and 3) that the garnishee is believed to possess the debtor's property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest.  28 U.S.C. § 3205(b).

### IV. DISCUSSION

A. Writ of Garnishment

Though the government's payment demand letter sent March 9, 2023 did not reach Ms. Johnston, the government made the demand the requisite 30 days prior to filing its application with the Court. The parties do not dispute that the government has satisfied the statutory requirements for a writ of garnishment. The government provided Ms. Johnston's name, last known address, and information relating to a garnishee believed to possess Ms. Johnston's property. The government argues that the statutory language is not permissive. See 28 U.S.C. § 3205(c)(1) (providing that the court "shall issue" writ upon determining that the United States has met the requirements for the application).

Defendant "has no objection to the Court granting the writ of garnishment as requested above, with the understandings expressed therein concerning Ms. Johnston's retention of rights in connection with further proceedings concerning garnishment, if that becomes necessary." *Id.* Accordingly, the government's application for a writ of garnishment is **GRANTED**.

B. Temporary Stay

Since the application for a writ of garnishment, Ms. Johnston has submitted financial disclosure documents so the parties can negotiate a payment plan on the restitution obligation. The government contends that "[i]ssuance of the writ of garnishment will help negotiations progress promptly." Joint Status Report at 2.

The Court **GRANTS** the application for a writ of garnishment, but will **STAY** its enforcement to allow the parties to continue their negotiations. Because of the ongoing negotiations, a stay imposes no hardship to the government. On the other hand, Ms. Johnston has submitted all necessary documentation to establish her ability to pay because she paying the judgment in full would impose financial hardship. *Cf. All. For the Wild Rockies v. Peña*, 865 F.3d

///
///
///
///

1211, 1217 (9th Cir. 2017) (holding that a preliminary injunction may issue where the balance of hardships tips sharply in favor, and the plaintiff can show serious questions going to the merits). Accordingly, enforcement of the writ of garnishment is stayed pending a further order from this Court.

This order disposes of Docket No. 55.

**IT IS SO ORDERED.**

Dated: July 27, 2023

_____
EDWARD M. CHEN
United States District Judge